UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMIE L INGRAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| v. | ) |
| | ) |
| DICK'S SPORTING GOODS, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant, Dick's Sporting Goods, Inc., (hereinafter "Defendant") by and through the undersigned counsel, pursuant to 28 U.S. § 1441, and for its Notice of Removal of this lawsuit, originally filed in the Circuit Court of Jackson County, Missouri, states as follows:

### I. The Petition and Timeliness of Removal

1. Plaintiff filed a Petition for Damages in the Circuit Court of Jackson County, Missouri, in the case styled as *Jamie L Ingram v. Dick's Sporting Goods, Inc.,* Case No. 2116-CV25672, ("the Petition"), on or about November 17, 2021. Plaintiff asserts claims of race and gender discrimination and retaliation from her former employer. A copy of Plaintiff's Petition for Damages is attached as Exhibit A.

2. Defendant was served with the Summons and Petition on December 16, 2021. Therefore, this Notice of Removal is filed within 30 days of service upon Defendant and is timely filed. 28 U.S.C. § 1446.

### II. Diversity of the Parties

3. Plaintiff is an individual and a resident and citizen of the State of Missouri. (Exhibit A, ¶ 1).

4. Defendant is a Delaware Corporation with its principal place of business in Pennsylvania.

(Exhibit B, Declaration of Tina Marez). As a corporation, Dick's Sporting Goods, Inc. is deemed to be a citizen of any state in which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

5. Dick's Sporting Goods is a citizen of both Delaware and Pennsylvania, and complete diversity exists between the parties.

### III. Amount in Controversy

6. The amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. 28 U.S.C. § 1332(a). Plaintiff alleges discrimination and retaliation in employment and seeks relief pursuant to the Missouri Human Rights Act, R.S.Mo § 213.010 *et. seq.* (Exhibit A, ¶¶ 24-43). "In considering whether the amounts and claims alleged satisfy the required amount in controversy, the court looks to state law to determine the nature and extent of the right to be enforced as well as the state measure of damages and the availability of special and punitive damages." *McGuire v. State Farm Fire & Cas. Co.*, 108 F. Supp. 3d 680, 684 (D. Minn. 2015).

7. Pursuant to R.S.Mo § 213.111(2), a successful claim under the Missouri Human Rights Act may result in an award of actual damages, punitive damages, court costs, and reasonable attorney fees. Further, due to the Defendant's number of employees, Plaintiff has the right to seek damages for actual back pay, interest on back pay, as well as an additional amount of up to five hundred thousand dollars ($500,000) for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and punitive damages. R.S.Mo § 213.111(4).

8. As the party seeking to remove this action, Defendant "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Mallory v. AT&T*, No. 4:19-CV-00900-DGK, 2020 WL 479263, at *1 (W.D. Mo. Jan. 29, 2020) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014)). When determining the amount in controversy the

question before a court "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 584 (8th Cir. 2017) (internal citation omitted).

9. Plaintiff's Petition alleges damages "in the form of lost wages, lost fringe benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, pain and suffering, loss of enjoyment of life, humiliation, upset and other emotional distress, damage to her reputation, diminished job opportunities" (Exhibit A, ¶¶ 33, 40, 58).

10. Back pay is recoverable as a form of relief for a successful claim under the Missouri Human Rights Act, calculated as the difference between the value of plaintiff's compensation had he remained employed and whatever wages were earned during the period between termination and reinstatement or judgment. *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011)(internal citations and quotations omitted). The amounts sought as back pay, even when not wholly "free from doubt," may form the basis of finding diversity jurisdiction. *Id.*

11. At the time of her separation from Defendant, Plaintiff was a full-time employee receiving an hourly wage of $21.63 per hour. (Exhibit B, Declaration of Tina Meraz). Plaintiff's request for back pay alone, as of the time of this filing[1], would total approximately $49,316.40 in base wages. While discovery may reveal that Plaintiff's loss of wages are offset by alternate employment, the amount of claimed lost wages may also accrue until the time of trial.

12. Recent Missouri cases further illustrate the true amounts in controversy in cases filed pursuant to the Missouri Human Rights Act. In a 2019 verdict[2], a Jackson County, Missouri jury awarded $100,000 in actual damages to Plaintiff after a finding of age discrimination under the MHRA. (Exhibit C). However, Plaintiff was further awarded an additional $250,000 in attorney's fees, post-

---

[1] Approximately 57 weeks have passed since the December 3, 2020 termination date referenced in Plaintiff's Petition.
[2] *Stenzel v. Select Hospital-Kansas City, Inc.*, 1716-CV06699 (Jackson County, 2019).

3

judgment interest, costs, and equitable relief including restoration of employment. *Id.*

13. Similarly, in a 2020 verdict finding sex discrimination under the MHRA[3], a Greene County, Missouri jury awarded $100,000 in actual damages. (Exhibit D). The Court further ordered that Plaintiff was to receive an additional amount in attorney's fees and costs totaling $81,494.85.

14. Because reasonable attorney's fees are allowed pursuant to statute, the prospective award may be considered as a part of the jurisdictional minimum. *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

15. Based upon the allegations of Plaintiff's Petition and the potential damages available should Plaintiff prevail, including attorney fees and punitive damages, it is clear that the amount in controversy exceeds the sum of $75,000.

16. Because complete diversity of citizenship exists between Plaintiff and Defendant, and because the amount in controversy in this action exceeds the sum of $75,000, removal to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1446.

17. Defendant has attached a complete copy of the State Court file to this Notice of Removal as Exhibit E.

18. Venue is proper in this Court because this action was originally filed in Jackson County, Missouri, which is included in this Court's judicial area. 28 U.S.C. § 1441; Local Rule 3.2(a).

19. Defendant has contemporaneously given notice of its filing to Plaintiff and to the Circuit Court of Jackson County, Missouri. A copy of the State Court notice is attached as Exhibit F.

20. Defendant is timely filing its answer to Plaintiff's Petition in this Court within thirty days of service, consistent with Missouri Rule 55.25 and RSMo. § 509.260.

21. Defendant demands a trial by jury on all issues so triable.

---

[3] *Simmons v. Country Fresh, Inc., et. al.*, 1731-CC01441 (Greene County, 2020).

WHEREFORE, Defendant Dick's Sporting Goods, Inc. prays that the above-captioned action be removed from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri, Western Division.

Respectfully submitted,

By:  */s/ Katherine Doll Putnam*
Katherine Doll Putnam, #63786MO
Jordon T. Stanley, #57027MO
**GORDON REES SCULLY MANSUKHANI, LLP**
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
kputnam@grsm.com
jtstanley@grsm.com
*Counsel for Defendant,*
*Dick's Sporting Goods, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court on this 14th day of January, 2022, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

By: */s/ Katherine Doll Putnam*

1256247/63872017v.1