UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMIE L INGRAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:22-cv-00026-SRB |
| v. | ) |
| | ) |
| DICK'S SPORTING GOODS, INC, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION

COMES NOW Defendant, Dick's Sporting Goods, Inc., (hereinafter "Defendant") by and through the undersigned counsel, pursuant to Rules 55.01, 55.07 and 55.08 of the Missouri Rules of Civil Procedure, and for its Answer to Plaintiff Jamie L. Ingram's Petition for Damages hereby responds as follows:

## PARTIES

1. Defendant admits that Plaintiff is an individual, and that Plaintiff was employed by Defendant from November 3, 2004 until her termination on or about December 3, 2020. Defendant expressly denies that Plaintiff was wrongfully terminated. As to the remainder of Paragraph 1, Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 1 of Plaintiff's Petition, and therefore denies.

2. Defendant admits the allegations of Paragraph 2 of Plaintiff's Petition.

3. Paragraph 3 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations of Paragraph 3 of Plaintiff's Petition, and therefore denies.

**Jurisdiction and Venue**

4. Paragraph 4 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant admits that Defendant does business in the State of Missouri, including Jackson County, Missouri, where Plaintiff was employed. As to the remainder of Paragraph 4, Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 4 of Plaintiff's Petition, and therefore denies

5. Paragraph 5 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant denies that it committed any act of discrimination or retaliation, but does not dispute that acts of wrongdoing are alleged to have occurred within Jackson County, Missouri.

6. Paragraph 6 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant denies that it engaged in any wrongful conduct, but does not dispute that acts of wrongdoing are alleged to have occurred within Jackson County, Missouri.

**Background Facts and Exhaustion of Administrative Remedies**

7. Defendant expressly denies that Plaintiff was wrongfully terminated. Defendant admits the remaining allegations of Paragraph 7 of Plaintiff's Petition.

8. Defendant denies the allegations of Paragraph 8 of Plaintiff's Petition.

9. Defendant is without sufficient information to admit or deny the allegations of Paragraph 9 of Plaintiff's Petition, and therefore denies.

10. Defendant denies the allegations of Paragraph 10 of Plaintiff's Petition.

11. Defendant denies the allegations of Paragraph 11 of Plaintiff's Petition.

12. Defendant denies the allegations of Paragraph 12 of Plaintiff's Petition.

13. Defendant denies the allegations of Paragraph 13 of Plaintiff's Petition.

14. Defendant denies the allegations of Paragraph 14 of Plaintiff's Petition.

15. Defendant denies the allegations of Paragraph 15 of Plaintiff's Petition.

16. Defendant denies the allegations of Paragraph 16 of Plaintiff's Petition.

17. Defendant denies the allegations of Paragraph 17 of Plaintiff's Petition.

18. Defendant denies the allegations of Paragraph 18 of Plaintiff's Petition.

19. Defendant denies the allegations of Paragraph 19 of Plaintiff's Petition.

20. Paragraph 20 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant states that Exhibit A is a written document which speaks for itself. Defendant further states that it is without sufficient information to admit or deny the allegations of Paragraph 20 of Plaintiff's Petition, and therefore denies.

21. Paragraph 21 references Exhibit B, which is a written document which speaks for itself. Defendant further states that it is without sufficient information to admit or deny the allegations of Paragraph 21 of Plaintiff's Petition, and therefore denies.

22. Defendant is without sufficient information to admit or deny the allegations of Paragraph 22 of Plaintiff's Petition, and therefore denies.

23. Defendant is without sufficient information to admit or deny the allegations of Paragraph 23 of Plaintiff's Petition, and therefore denies.

## COUNT I – MHRA DISCRIMINATION

24. Defendant incorporates its responses to Paragraphs 1-23 as though fully set forth herein.

25. Defendant denies the allegations of Paragraph 25 of Plaintiff's Petition.

26. Defendant denies the allegations of Paragraph 26 of Plaintiff's Petition.

27. Defendant denies the allegations of Paragraph 27 of Plaintiff's Petition.

28. Defendant denies the allegations of Paragraph 28 of Plaintiff's Petition.

29. Defendant denies the allegations of Paragraph 29 of Plaintiff's Petition.

30. Defendant denies the allegations of Paragraph 30 of Plaintiff's Petition.

31. Defendant denies the allegations of Paragraph 31 of Plaintiff's Petition.

32. Defendant denies the allegations of Paragraph 32 of Plaintiff's Petition.

33. Defendant denies the allegations of Paragraph 33 of Plaintiff's Petition.

34. Defendant denies the allegations of Paragraph 34 of Plaintiff's Petition.

35. Defendant denies the allegations of Paragraph 35. Defendant further denies all allegations contained in the subsequent WHEREFORE Paragraph.

## COUNT II – MHRA RETALIATION

36. Defendant incorporates its responses to Paragraphs 1-35 as though fully set forth herein.

37. Defendant denies the allegations of Paragraph 37 of Plaintiff's Petition.

38. Defendant denies the allegations of Paragraph 38 of Plaintiff's Petition.

39. Defendant denies the allegations of Paragraph 39 of Plaintiff's Petition.

40. Defendant denies the allegations of Paragraph 40 of Plaintiff's Petition.

41. Defendant denies the allegations of Paragraph 41 of Plaintiff's Petition.

42. Defendant denies the allegations of Paragraph 42 of Plaintiff's Petition.

43. Defendant denies the allegations of Paragraph 43 of Plaintiff's Petition. Defendant further denies all allegations contained in the subsequent WHEREFORE Paragraph.

## COUNT III –RETALIATION IN VIOLATION OF MISSOURI PUBLIC POLICY

44. Defendant incorporates its responses to Paragraphs 1-43 as though fully set forth herein.

45. Defendant denies the allegations of Paragraph 45 of Plaintiff's Petition.

46. Defendant denies the allegations of Paragraph 46 of Plaintiff's Petition.

47. Paragraph 47 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations of Paragraph 47 of Plaintiff's Petition, and therefore denies.

48. Paragraph 48 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations of Paragraph 48 of Plaintiff's Petition, and therefore denies.

49. Paragraph 49 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations of Paragraph 49 of Plaintiff's Petition, and therefore denies.

50. Defendant is without sufficient information to admit or deny the allegations of Paragraph 50 of Plaintiff's Petition, and therefore denies.

51. Defendant is without sufficient information to admit or deny the allegations of Paragraph 51 of Plaintiff's Petition, and therefore denies.

52. Defendant denies the allegations of Paragraph 52 of Plaintiff's Petition.

53. Defendant denies the allegations of Paragraph 53 of Plaintiff's Petition.

54. Defendant denies the allegations of Paragraph 54 of Plaintiff's Petition.

55. Defendant denies the allegations of Paragraph 55 of Plaintiff's Petition.

56. Defendant denies the allegations of Paragraph 56 of Plaintiff's Petition.

57. Defendant denies the allegations of Paragraph 57 of Plaintiff's Petition.

58. Defendant denies the allegations of Paragraph 58 of Plaintiff's Petition.

59. Defendant denies the allegations of Paragraph 59 of Plaintiff's Petition.

60. Defendant denies the allegations of Paragraph 60 of Plaintiff's Petition. Defendant further denies all allegations contained in the subsequent WHEREFORE Paragraph.

## COUNT IV – WORKER'S COMPENSATION RETALIATION

61. Defendant incorporates its responses to Paragraphs 1-60 as though fully set forth herein.

62. Defendant denies the allegations of Paragraph 62 of Plaintiff's Petition.

63. Defendant admits that Plaintiff was employed by Defendant beginning in 2003. Defendant denies the remaining allegations of Paragraph 63 of Plaintiff's Petition.

64. Defendant denies the allegations of Paragraph 64 of Plaintiff's Petition.

65. Defendant denies the allegations of Paragraph 65 of Plaintiff's Petition.

66. Defendant denies the allegations of Paragraph 66 of Plaintiff's Petition.

67. Defendant denies the allegations of Paragraph 67 of Plaintiff's Petition.

68. Defendant denies the allegations of Paragraph 68 of Plaintiff's Petition.

69. Defendant denies the allegations of Paragraph 69 of Plaintiff's Petition.

70. Defendant denies the allegations of Paragraph 70 of Plaintiff's Petition.

71. Defendant denies the allegations of Paragraph 71 of Plaintiff's Petition.

72. Defendant is without sufficient information to admit or deny the allegations of Paragraph 72 of Plaintiff's Petition, and therefore denies.

73. Defendant is without sufficient information to admit or deny the allegations of Paragraph 73 of Plaintiff's Petition, and therefore denies.

74. Defendant denies the allegations of Paragraph 74 of Plaintiff's Petition.

75. Defendant is without sufficient information to admit or deny the allegations of Paragraph 75 of Plaintiff's Petition, and therefore denies.

76. Defendant is without sufficient information to admit or deny the allegations of Paragraph 76 of Plaintiff's Petition, and therefore denies.

77. Defendant is without sufficient information to admit or deny the allegations of Paragraph 77 of Plaintiff's Petition, and therefore denies.

78. Defendant is without sufficient information to admit or deny the allegations of Paragraph 78 of Plaintiff's Petition, and therefore denies.

79. Defendant is without sufficient information to admit or deny the allegations of Paragraph 79 of Plaintiff's Petition, and therefore denies.

80. Defendant is without sufficient information to admit or deny the allegations of Paragraph 80 of Plaintiff's Petition, and therefore denies.

81. Defendant is without sufficient information to admit or deny the allegations of Paragraph 81 of Plaintiff's Petition, and therefore denies.

82. Defendant is without sufficient information to admit or deny the allegations of Paragraph 82 of Plaintiff's Petition, and therefore denies.

83. Defendant is without sufficient information to admit or deny the allegations of Paragraph 83 of Plaintiff's Petition, and therefore denies.

84. Defendant denies the allegations of Paragraph 84 of Plaintiff's Petition.

85. Defendant denies the allegations of Paragraph 85 of Plaintiff's Petition.

86. Defendant denies the allegations of Paragraph 86 of Plaintiff's Petition.

87. Defendant denies the allegations of Paragraph 87 of Plaintiff's Petition.

88. Defendant denies the allegations of Paragraph 88 of Plaintiff's Petition.

89. Defendant denies the allegations of Paragraph 89 of Plaintiff's Petition.

90. Defendant denies the allegations of Paragraph 90 of Plaintiff's Petition.

91. Defendant denies the allegations of Paragraph 91 of Plaintiff's Petition.

92. Defendant denies the allegations of Paragraph 92 of Plaintiff's Petition.

93. Defendant denies the allegations of Paragraph 93 of Plaintiff's Petition.

94. Defendant denies the allegations of Paragraph 94 of Plaintiff's Petition. Defendant further denies all allegations contained in the subsequent WHEREFORE Paragraph.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendant further asserts the following separate defenses without assuming any burden of proof or production that would otherwise rest with Plaintiff.

1. Defendant states that Plaintiff's Petition fails to state a claim, in whole or in part, upon which relief may be granted.

2. Defendant states that Plaintiff has not, and cannot, set forth sufficient facts to prove, and cannot prove, essential elements of her claim for race discrimination, gender discrimination and/or retaliation.

3. Defendant states that Plaintiff's claims are barred, in whole or in part, for failing to exhaust her administrative remedies.

4. Defendant states that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or applicable regulatory filing periods to the extent that Plaintiff seeks to recover for alleged but disputed actions of retaliation or wrongful discharge beyond the applicable statutes of limitations and/or the applicable regulatory filing periods.

5. Defendant states that to the extent that Plaintiff suffered damages, which Defendant expressly denies, Plaintiff has failed to mitigate such damages by (1) failing to seek alternative employment, (2) failing to seek commensurate employment, and/or (3) unreasonably delaying her pursuit of alternative or commensurate employment.

6. Defendant states that to the extent that Plaintiff suffered damages, which Defendant

expressly denies, such damages were caused in whole or in part by sources other than any alleged unlawful actions by Defendant. Accordingly, any alleged damages should be denied or apportioned according to the evidence.

7. Defendant states that Plaintiff's alleged damages, which Defendant expressly denies, are speculative and uncertain and, therefore, are not compensable or recoverable in the present action.

8. Defendant states that Plaintiff's alleged damages, which Defendant expressly denies, were not reasonably foreseeable, were not proximately caused by Defendant, and/or were caused by the actions or omissions of Plaintiff and/or third-parties over who Defendant had no control and were not acting in furtherance of the business of Defendant.

9. Defendant states that to the extent Plaintiff alleges any wrongdoing or violation of law, such alleged wrongdoing or violation of law was committed by individuals acting outside the scope of their employment and was inconsistent with Defendant's corporate policies or authorized practice.

10. Defendant states that all actions taken by Defendant were for legitimate, non-discriminatory, non-retaliatory reasons, and were made in a good faith exercise of reasonable business judgment and based on legitimate business reasons unrelated to Plaintiff's race. gender or alleged protected activities.

11. Defendant states that Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver, and/or estoppel.

12. Defendant states that it did not act with malice or reckless indifference to Plaintiff's protected rights, and none of Defendant's allegedly impermissible conduct was in any way willful.

13. Defendant states that Plaintiff's claims are barred, in whole or in part, because Plaintiff unreasonable failed to take advantage of the preventative and/or corrective opportunities provided by Defendant or to otherwise avoid harm.

14. Defendant exercised reasonable care to promptly prevent and correct any allegedly discriminatory or retaliatory behavior, and Plaintiff failed to take advantage of the preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

15. To the extent Plaintiff alleges an unlawful employment practice not alleged in her charge of discrimination or seeks to pursue claims not the subject of her charge of discrimination, such allegations and claims are barred for lack of jurisdiction.

## RESERVATION OF DEFENSES

16. Missouri Supreme Court Rule 55.33(a) states: "[A] pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires…" Defendant reserves the right to assert additional or different affirmative defenses not now known but which may become apparent during the course of this matter and to amend its answer to assert such affirmative defenses as provided by Missouri Supreme Court Rule 55.33(a).

## DEMAND FOR JURY TRIAL

17. Defendant hereby respectfully requests and demands a trial by jury of all issues so triable.

Respectfully submitted,

By:   */s/ Katherine Doll Putnam*
      Katherine Doll Putnam, #63786MO
      Jordon T. Stanley, #57027MO
      **GORDON REES SCULLY MANSUKHANI, LLP**
      211 North Broadway, Suite 2150
      St. Louis, Missouri 63102
      Tel: (314) 961-6686
      Fax: (314) 338-3076
      kputnam@grsm.com
      jtstanley@grsm.com
      *Counsel for Defendant,*
      *Dick's Sporting Goods, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court on this 14th day of January, 2022, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

By:   */s/ Katherine Doll Putnam*